UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| KEVIN T. SAULTER | ] | |
| Petitioner, | ] | |
| | ] | |
| v. | ] | No. 3:11-0825 |
| | ] | Judge Trauger |
| UNITED STATES OF AMERICA | ] | |
| Respondent. | ] | |


**M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the Federal Correctional Institution in Talladega, Alabama. He brings this action pursuant to 28 U.S.C. § 2255 against the United States, asking the Court to vacate, set aside or correct his sentence.

**I. Background**

On January 6, 2010, a three count indictment was issued charging the petitioner with being a convicted felon in possession of a firearm, possession with intent to distribute over 500 grams of cocaine, and possession of a firearm in furtherance of drug trafficking. United States of America v. Kevin T. Saulter, Criminal Action No.3:10-00002 (M.D. Tenn.), Docket Entry No.1.

Pursuant to a plea agreement, the petitioner pled guilty to being in possession with intent to distribute over 500 grams of cocaine. *Id.* at Docket Entry No.25. The remaining weapons charges

1

were dismissed on motion of the Government.

For his crime, the petitioner received a sentence of 200 months in prison, to be followed by four years of supervised release. *Id.* at Docket Entry No.40. Having pled guilty, there was no direct appeal of the conviction taken by the petitioner.

## II. Procedural History

On August 29, 2011, the petitioner filed the instant § 2255 motion (Docket Entry No.1) attacking the conviction. In his motion, the petitioner presents four claims for relief. These claims include :

1) petitioner was denied the effective assistance of counsel when his attorney
    a) failed to raise "an objection to the application of the § 4B1.1 career offender enhancement on the grounds that he does not have the necessary amount of qualifying predicates to be legally deemed a career offender";
    b) neglected to file an appeal despite the petitioner's request for one;
    c) failed to successfully argue a motion to suppress;[1] and

2) petitioner's sentence was improperly enhanced with a soon to be vacated state conviction.

After examining the motion, the Court found that it was not facially frivolous. Accordingly, by an order (Docket Entry No.3) entered September 2, 2011, the United States Attorney for this judicial district was directed to file an answer, plead or

---

[1] The petitioner was represented by James Price, a member of the Davidson County Bar.

otherwise respond to the motion. Rule 4(b), Rules --- § 2255 Cases.

Presently pending before the Court are the Government's Response (Docket Entry No.10) opposing the motion and the petitioner's Reply (Docket Entry No.16) to the Government's Response. Having carefully considered the pleadings and the record, it does not appear that an evidentiary hearing is needed in this matter. *see* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Consequently, the Court shall dispose of the § 2255 motion as the law and justice require. Rule 8(a), Rules --- § 2255 Cases.

### III. Analysis of the Claims

**A.) Enhancement of Petitioner's Sentence**

The petitioner alleges that his sentence was improperly enhanced with a soon to be vacated state conviction (Claim No.2).

Upon entering a valid guilty plea, a criminal defendant waives all non-jurisdictional antecedent defects in the proceedings. *See* United States v. Lanier, 201 F.3d 842, 846-847 (6th Cir. 2000). A criminal defendant may further agree, via the terms of a plea agreement, to waive any right, even a constitutional right, United States v. Ashe, 47 F.3d 770, 775-776 (6th Cir. 1995), including the right to appeal a conviction or sentence, United States v. Fleming, 239 F.3d 761, 763-764 (6th Cir. 2001), and the right to seek collateral post-conviction relief. Watson v. United States, 165

3

F.3d 486, 488-489 (6th Cir. 1999). As long as the criminal defendant has knowingly, intelligently and voluntarily waived his rights, the terms of a plea agreement will be enforced. *Id.* at pg. 489.

In this case, the petitioner agreed to waive his right to a direct appeal or collateral (§ 2255) attack of the sentence imposed upon him, except for any "claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel." Criminal Action No.3:10-00002, Docket Entry No.25 at pg.19. Therefore, to the extent that the petitioner is attempting to challenge the length of his sentence, he has waived his right to do so. Petitioner's waiver of this right appears from the record to have been a knowing, intelligent and voluntary decision. Accordingly, petitioner's claim attacking the length of his sentence is not properly before the Court.

**B.) Ineffective Assistance of Counsel**

The petitioner also cites three instances in which he was allegedly denied the effective assistance of counsel. These instances include counsel's failure to object to a career offender enhancement of his sentence(Claim No.1a), counsel's failure to pursue a direct appeal of the conviction and sentence (Claim No.1b), and counsel's failure to successfully have the evidence against the petitioner suppressed (Claim No.1c).

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v.

4

Richardson, 379 U.S. 759,771 (1970). An ineffective assistance claim will only succeed, however, if the petitioner can demonstrate that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668 (1984). Within the context of a guilty plea, the petitioner must show that, but for counsel's errors, there is a reasonable probability that he would have proceeded on to trial rather than plead guilty. Hill v. Lockhart, 474 U.S. 52,59 (1985). When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491,497 (6th Cir. 2003).

The petitioner first claims that his attorney was deficient for failing to challenge his characterization as a career offender. § 4B1.1(a) of the U.S. Sentencing Guidelines defines a career offender as one who was at least 18 years of age at the time he committed the instant offense, the instant offense is a felony that is either a crime of violence or a controlled substance offense, and the defendant has at least 2 prior felony convictions involving either crimes of violence or controlled substance offenses.

The petitioner argues that one of the two offenses used to trigger the career offender enhancement, i.e., a 2005 conviction in Rutherford County for simple possession of cocaine, does not

5

qualify as a triggering offense. *See* Docket Entry No.2, Exhibit A. As a consequence, had counsel realized this and filed an objection, petitioner believes that his sentence would have been greatly reduced.

The petitioner is correct in noting that a conviction for simple possession of a controlled substance, absent proof of intent to manufacture, import, export, distribute or dispense, is not a predicate controlled substance offense under the career offender sentencing guideline. United States v. Montanez, 442 F.3d 485,488 (6th Cir. 2006). According to the petitioner's Presentence Investigation Report, the 2005 Rutherford County conviction was cited as a predicate offense sufficient to trigger career offender status. Docket Entry No.12 at pg.8. Therefore, at first blush, it would appear that this claim may have merit.

However, in the petitioner's plea agreement, he acknowledged a 1996 conviction in Davidson County for possession with intent to distribute and a 2000 conviction in Davidson County for aggravated assault. Criminal Action No.3:10-00002, Docket Entry No.25 at pg.14. Each of these convictions constitute a predicate offense under the career offender guideline. *See* § 4B1.2, U.S. Sentencing Guidelines. As a result, even if counsel had been deficient in this regard, the petitioner is unable to show prejudice since there were two prior predicate convictions sufficient to support a finding of career offender status. Thus, this claim has no merit.

The petitioner also asserts that counsel was ineffective for failing to file a direct appeal of the conviction despite his request for one. More specifically, the petitioner claims that counsel denied him the opportunity to challenge his sentence as enhanced on direct appeal. Docket Entry No.2 at pg.15.

As noted above, the petitioner knowingly waived his "right to appeal any sentence that includes a term of imprisonment of 200 months, as set forth in this agreement." Criminal Action No.3:10-00002, Docket Entry No.25. Therefore, petitioner's waiver relieved counsel of any obligation to appeal the sentence imposed upon him by the Court. Counsel, therefore, was not deficient in this regard.

Finally, the petitioner contends that counsel was ineffective for failing to successfully suppress the evidence against him. More specifically, he asserts that counsel should have done more during a suppression hearing to show that his vehicle had been illegally stopped and that any evidence taken from him during the course of that stop was illegally obtained.

Counsel for the petitioner filed a motion to suppress all evidence taken from him and his vehicle during a traffic stop on the night of September 8, 2009. *Id.*, Docket Entry No.14. The Court conducted a hearing to address the merits of the suppression motion. *Id.*, Docket Entry No.16.

At the conclusion of the hearing, the Court found that the officers were more than fifty feet away when they heard excessive

noise coming from the petitioner's vehicle. As a consequence, their stop of the petitioner's vehicle pursuant to Tenn. Code Ann. § 55-8-193 was appropriate and legal. It was further found that, under the circumstances arising after the stop, the officers were justified in patting the petitioner down and collecting evidence from both him and his vehicle. *Id.*, at pgs.58-63.

The only witnesses to testify at the suppression hearing were the two Franklin, Tennessee police officers (Officers Cates and Tippett) who stopped the petitioner's vehicle and seized the evidence in question. According to them, they were parked in an unmarked police van when they heard a great deal of noise coming from the petitioner's vehicle. It was sometime between 8:00 p.m. and 9:00 p.m. and they were over one hundred forty (140) yards from the petitioner at the time. *Id.*, Docket Entry No.44 at pg.9. The officers began to follow the petitioner and activated their blue lights. The officers followed the petitioner into a car lot where he stopped his vehicle.

The petitioner was told that he had been stopped "for the loud music". *Id.*, at pg.11. He was asked for his license, registration and proof of insurance. The petitioner gave the officers his license but was slow to respond with registration and proof of insurance. During routine questioning, the petitioner seemed to be evasive with his answers. *Id.,* at pg.12. One of the officers noticed a bullet resistant vest lying in plain sight on the

petitioner's back seat. *Id.*, at pg.13. The petitioner admitted ownership of the vest but told the officers that he was selling it to a friend, whom he would not identify for them. *Id.*, at pg.14.

The petitioner would not make eye contact with the officers, his hands were visibly shaking, and he was breathing heavily. *Id.*, at pgs.18-19. In light of the petitioner's nervousness and the presence of a bullet resistant vest, the officers began to fear for their safety. The petitioner was asked to step out of the vehicle and submit to a pat down. *Id.*, at pg.20. At first, the petitioner was reluctant to comply but the officers were insistent.[2]

During the pat down, Officer Cates discovered 2 fully loaded pistol magazines and a switchblade knife in the petitioner's pockets. *Id.*, at pg.23. Four thousand dollars ($4000) in cash was also found on the petitioner. *Id.*, at pg.27. When the magazines were discovered, the petitioner was asked "where is your gun", to which he replied that it was under the front seat of the car. *Id.*, at pg.24. Officer Tippett recovered a pistol which still had a round in its chamber. *Id.*, at pgs.24-25. The petitioner was then handcuffed and, during additional questioning, revealed that he had "a little bit of drugs in the trunk." *Id.*, at pg.27. Approximately eight hundred sixty (860) grams of cocaine was found in petitioner's trunk.

---

[2] Officer Cates testified that he had never encountered anybody as nervous as the petitioner during a traffic stop. Criminal Action No.3:10-00002, Docket Entry No.44 at pg.34.

The petitioner claims that counsel should have brought it to the Court's attention that a local Franklin ordinance made loud noise unlawful only between the hours of 11:00 p.m. and 7:00 a.m. Because he was stopped between the hours of 8:00 p.m. and 9:00 p.m., the petitioner believes that the police officers were using the noise ordinance as a mere pretext to stop him. In addition, the petitioner asserts that counsel should have offered pictures at the suppression hearing to show that the officers were not far enough away from the petitioner's vehicle to trigger the noise ordinance.

The petitioner was not stopped pursuant to the Franklin noise ordinance quoted by him. Rather, the officers stated that the petitioner was stopped for loud noise in violation of Tenn. Code Ann. § 55-8-193. *Id.*, at pg.6. That statute prohibits "the amplification of sound from within the motor vehicle so that the sound is plainly audible at a distance of fifty (50) or more feet from the vehicle." The state statute does not prohibit excessive noise only at certain designated times.[3] The officers testified that they heard excessive noise coming from the petitioner's vehicle well beyond the fifty feet required by the statute. Diagrams were offered as exhibits at the suppression hearing showing the position of the officers with respect to the

---

[3] A traffic stop pursuant to a perceived violation of Tenn. Code Ann. § 55-8-193 has been upheld as constitutionally permissible. United States v. Thomas, 2010 WL 2294535 (6th Cir. (Tenn))(June 7, 2010).

petitioner's vehicle.

The petitioner has not denied that a great deal of noise was coming from his vehicle on the night that he was stopped. Nor has he shown that the officers' testimony as to distance was faulty or that the Franklin noise ordinance trumped the state excessive noise statute. Counsel did attempt to suppress the evidence taken from the petitioner and his vehicle that evening. The petitioner has failed to show, however, in what way counsel could have better accomplished that goal. Therefore, the petitioner has failed to show how his attorney was deficient in this regard.

## IV. Conclusion

Having considered the Government's Response, petitioner's Reply to the Government's Response, and the expanded record, the Court can find no reason to vacate, set aside or correct petitioner's sentence. His motion, therefore, lacks merit and will be denied.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge