UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


KEVIN T. SAULTER            ]
    Petitioner,            ]
                            ]
v.                          ]       No. 3:11-0825
                            ]       Judge Trauger
UNITED STATES OF AMERICA    ]
    Respondent.            ]


### O R D E R

On February 27, 2012, the instant *pro se* § 2255 habeas corpus action was dismissed. *See* Docket Entry No.18.

Presently before the Court is the petitioner's motion (Docket Entry No.22) pursuant to Rule 59(e), Fed.R.Civ.P., to alter or amend judgment, to which the respondent has filed a reply (Docket Entry No.26) in opposition.

In his § 2255 petition, the petitioner alleged that defense counsel had been ineffective for failing to challenge his characterization as a career offender. More specifically, he claimed that there were not enough predicate offenses to qualify him as a career offender. Had defense counsel realized this and filed an objection, the petitioner's sentence may have been greatly reduced.

The Court found that there were an adequate number of predicate offenses. Docket Entry No.17 at pg.6. Therefore, even if

defense counsel had been deficient in some way, the petitioner had failed to make a showing of prejudice sufficient to rise to the level of a constitutional violation.

The petitioner now asserts that the Court was mistaken in its finding. There is no dispute that a 2000 conviction in Davidson County for aggravated assault qualified as one of the two predicate offenses needed to trigger career offender status. However, the petitioner contends that a second predicate offense was not available.

In January, 2005, the petitioner was convicted in Rutherford County of a drug related offense. Docket Entry No.26-2. He was charged with possession with intent to sell cocaine which is a predicate offense. The conviction offense, however, is listed as possession of cocaine over .5 grams. Simple possession is not a predicate offense. United States v. Montanez, 442 F.3d 485,488 (6th Cir.2006). Thus, the petitioner argues that this conviction does not serve as a predicate offense. The respondent disputes that fact and suggests that the conviction was for more than simple possession.

Simple possession is a Class A misdemeanor in Tennessee. Tenn. Code Ann. § 39-17-418. A Class A misdemeanor is punishable by 11 months/29 days of jail time and/or a fine not to exceed $2,500. Tenn. Code Ann. § 40-35-111(e)(1). In 2005, the petitioner was found guilty for violating Tenn. Code Ann. § 39-17-417, which prohibits the manufacture, sale, deliver or possession with intent

to manufacture, deliver or sell a controlled substance such as cocaine. For this Class C felony, the petitioner received a sentence of 8 years in prison along with a $50,000 fine. Clearly, then, the petitioner was not convicted of simple possession of cocaine, as evidenced by the statute cited and the sentence imposed upon the petitioner. Consequently, the respondent correctly argues that the 2005 Rutherford County conviction does qualify as the second predicate offense needed to trigger career offender status.

Because there were a sufficient number of predicate offenses, the Court did not err in finding that defense counsel had not been ineffective in this regard. Accordingly, the petitioner's Rule 59(e) motion has no merit and is hereby DENIED.

It is so ORDERED.

_____
Aleta A. Trauger
United States District Judge